UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EDWARD LANDRY | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| SHELL OIL COMPANY | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Edward Landry ("Plaintiff"), complaining of Defendant Shell Oil Company ("Shell" or "Defendant"), and, for cause of action, would respectfully show this Honorable Court as follows:

### I. PARTIES

1.1   Plaintiff Edward Landry, is a U.S. citizen and resident of Louisiana.

1.2   Defendant Shell Oil Company, is a Delaware corporation with its principal place of business in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### II. JURISDICTION

2.1   This case is brought pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq.*

### III. VENUE

3.1 Venue is proper in this OCSLA action pursuant to 28 U.S.C. §1391 as Defendant resides in this District.

### IV. FACTS

4.1 On or about July 4, 2021, Plaintiff was working for Danos as a scaffold builder on Shell's Auger platform offshore in the Gulf of Mexico. At the time of the incident Plaintiff was carrying 10 ft boards from one end of the platform to the other. Despite the presence of a crane on the platform, the Plaintiff's crew was required to repetitively carry the 40-pound boards manually throughout the day. As he was performing his work as instructed, Plaintiff felt a pull in his back from the stress of repeatedly lifting the boards. Plaintiff has sustained seriously bodily injuries as a result of the incident.

### V. CAUSE OF ACTION

A. **NEGLIGENCE**

5.1 As stated above, on or about July 4, 2021, Plaintiff sustained serious and disabling injuries while working on Shell's offshore platform.

5.2 Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the injuries Plaintiff sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of the Defendant, its agents, servants and/or

employees who were acting in the course and scope of their employment for Defendant at all times material to this cause of action.

5.3     Shell is liable for the subject accident and Plaintiff's injuries and resultant damages by reason of its negligence, and/or conditions attributable to it, directly and/or vicariously, by and through its agents, representatives and/or employees, in one or more of the following particulars, among others:

(a) failing to provide proper and adequate supervision of the platform's activities;

(b) failing to make the platform's crane available for use in moving the scaffold boards across the platform, or providing an alternative lifting device for Plaintiff's use;

(c) failing to ensure that Plaintiff had a safe place to work aboard Defendant's platform, and failing to take reasonable precautions for his safety;

(d) failing to coordinate simultaneous operations on the platform;

(e) failing to exercise stop work authority;

(f) failing to perform adequate safety meetings and analyses to identify and minimize the risk to Plaintiff and others;

(g) permitting an unsafe operation for which there wasn't an adequate plan; and

(h) other acts of negligence and/or omissions to be shown at trial herein.

5.4     Plaintiff would further show that Shell had custody or control of the platform, and was responsible for maintaining the platform in a reasonably safe condition, free from hazards that would expose the Plaintiff to injury.

5.5     As a result of Defendant's negligent actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits in which he would have engaged but for the injury aforementioned.

5.6     Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     As a result of these occurrences and the negligence and/or gross negligence of Defendant, Plaintiff sustained severe and permanent injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for medical treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from Defendant includes compensation for the following:

        (a)     physical impairment sustained by Plaintiff from the date of injury to the time of trial;

(b) physical impairment reasonably anticipated and likely to be sustained by Plaintiff in the future;

(c) physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d) physical pain and suffering and mental anguish which is reasonably anticipated and likely to be suffered by Plaintiff in the future;

(e) loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f) loss of earning capacity reasonably anticipated reasonably anticipated and likely to be suffered by Plaintiff in the future;

(g) reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h) reasonable and necessary medical expenses reasonably anticipated reasonably anticipated and likely to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i) past and future physical disfigurement;

(j) loss of enjoyment of life suffered by Plaintiff from the date of injury to time of trial;

(k) loss of enjoyment of life reasonably anticipated and likely to be sustained by Plaintiff in the future; and

(l) any other damage to which Plaintiff is entitled under applicable law.

## VII. INTEREST

7.1   Plaintiff seeks pre-judgment and post-judgment interest from the earliest dates, and at the maximum rates, permitted by law.

## VIII.  JURY DEMAND

8.1  Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a)  that process in due form of law according to the practice of this Honorable Court issue against Defendant summoning them to appear and answer, all and singular, the matters aforesaid;

(b)  that a judgment may be entered in favor of Plaintiff against Defendant for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and post-judgment interest; attorney's fees; costs of suit; and

(c)  for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marc Evan Kutner*
Marc Evan Kutner
SBN 11770575 / SDTX 6238
mkutner@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:  713-653-5600
Facsimile:   713-653-5656

ATTORNEYS FOR PLAINTIFF